UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

12 OCT -4 PM 1:50

| | |
|---|---|
| DESTRY WHITE )<br>    Plaintiff. )<br>                )<br>-v- )<br>                )<br>MBI, INC. )<br>C/O Agent for Service of Process )<br>Russell G. Friedman )<br>47 Richards Avenue )<br>Norwalk, CT, 06857 )<br>    Defendant. )<br>_____ ) | Case No. XXXXXX<br><br>3:12-cv-628-S |

## COMPLAINT

COMES Plaintiff, Destry White, hereby sues Defendants, MBI, Inc., alleges and affirmatively states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages that violations the Fair Credit Reporting Act (hereinafter FCRA) 15 U.S.C. §1681 *et seq.*

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 28 U.S.C. §1331, 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) (2).

4. Plaintiff, Destry White, is a natural person and is a resident of the State of Kentucky.

5. Defendant is a debt collector as defined by 15 U.S.C. §1692(a) (6), and sought to collect a consumer debt from plaintiff.

6. Defendant is a national corporation with offices in Norwalk, Connecticut

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

### III. FACTS

8. Defendant is collecting from Plaintiff on an alleged debt, which upon information and belief, is from approximately around the year 2012.

9. On or about April 25, 2012, Defendant resumed its collection efforts against the Plaintiff by sent a letter indicating that the alleged debt is outstanding.

10. At the time the account was closed, there was a disputed balance of less than $300. Defendant has never provided to Plaintiff an account of the alleged debt nor any contract or other legal justification for attempting to collect.

11. On June 19, 2012, Plaintiff sent a letter to Defendant demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant on June 21, 2012. Defendant did not respond to the letter.

12. On July 10, 2012 Plaintiff sent a letter entitled "NOTICE OF PENDING LAWSUIT" to Defendant demanding that it cease violating federal and state laws at Plaintiff's expense. The letter was sent by certified mail and received by Defendant on July 13, 2012.

13. Plaintiff contends that the illegal actions of Defendants have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and other costs.

## IV. COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

14. Paragraphs 1 through 13 are realleged as though fully set forth herein.

15. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

16. Defendant MBI, Inc. is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant MBI, Inc. violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   a. Defendant MBI, Inc. violated 15 U.S.C. §1692d(4) by Advertised for sale or any legal status of any debt.
   b. Defendant MBI, Inc. violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   c. Defendant MBI, Inc. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. Defendant MBI, Inc. violated 15 U.S.C. §1692f (11) by any unfair or unconscionable means to collect or attempt to collect the alleged debt.
    e. Defendant MBI, Inc. violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    A. Adjudging that Defendant violated the FDCPA;
    B. Awarding Plaintiff actual damages, including punitive damages;
    C. Awarding Plaintiff Statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;
    D. Awarding Plaintiff any attorney's fees and costs incurred in this action;.
    E. Awarding such other and further relief as the Court may deem just and proper.

## V. COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT

18. Paragraphs 1 through 13 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

20. Defendants MBI, Inc. are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

21. Defendants MBI, Inc. willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:
    (a) Defendants MBI, Inc. willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
    (b) Defendants MBI, Inc. willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants MBI, Inc. willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants MBI, Inc. willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Adjudging that Defendant violated the FCRA;
B. Awarding Plaintiff actual damages, including punitive damages;
C. Awarding Plaintiff Statutory damages pursuant to 15 U.S.C. § 1681n;
D. Awarding Plaintiff any attorney's fees and costs incurred in this action;
E. Awarding such other and further relief as the Court may deem just and proper;
F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a matter of law.

Dated: October 04, 2012

Respectfully submitted,

*/s/ Destry White*

Destry White
9016 Taylorsville rd. apt. 121
Louisville, Kentucky 40299
502-381-1983