UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DESTRY WHITE                                                                                         PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:12CV-628-S

MBI, INC.                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

The plaintiff, Destry White, *pro se*, filed this Fair Debt Collection Practices Act action against the defendant, MBI, Inc., on October 4, 2012. The plaintiff was permitted to proceed in forma pauperis. MBI was served on May 1, 2013 and filed its answer on May 20, 2013.

The parties held a telephonic Rule 26(f) planning conference on July 25, 2013 in preparation for an August 8, 2013 scheduling conference before United States Magistrate Judge James D. Moyer. On August 1, 2013, MBI filed a conference statement. White did not file a conference statement, as required by the court's May 21, 2013 order.

A Rule 16 scheduling conference was conducted by the magistrate judge on the record. White was not in attendance. In the memorandum of Rule 16 scheduling conference and order, the magistrate judge established cut-off dates for discovery and motion practice. He also set a follow-up telephonic conference for October 24, 2013, and ordered that on or before October 17, 2013, White provide the court with a land-line telephone number where he could be reached for the conference. A copy of the court's order was sent to White's address of record in Louisville. White did not provide a telephone number and did not participate in the October 24th telephonic conference.

MBI has moved for dismissal of the action under Fed.R.Civ.P. 37 and 41. In support of its motion, MBI has provided documentation establishing that it sent a letter by certified mail six weeks after the due date for initial disclosures. The receipt was returned, an individual other than White having signed for the letter at White's address. White did not respond or engage in any discovery. After White's failure to contact the court or appear for the telephonic conference, MBI sent a letter dated November 22, 2013 to White documenting his failure to comply with Rule 26 discovery deadlines and other orders of the court, and his failure to appear before the court for scheduling conference. The letter informed White that in the event he did not provide the required discovery by November 29, 2013, MBI would seek court intervention, including a request for dismissal of White's case.

When White again failed to respond, MBI filed a motion to dismiss the action. DN 17. The motion was filed on December 9, 2013, and as of this date, White has not responded to the motion nor contacted the court since the filing of the complaint.

It appears that the plaintiff has abandoned his claims herein. As noted in *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999), "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, MBI, Inc., to dismiss (DN 17) is **GRANTED** for failure to prosecute and the action is **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered this date in accordance with this opinion.

January 27, 2014

**IT IS SO ORDERED.**

                                                  **Charles R. Simpson III, Senior Judge**
                                                    United States District Court